CHARLES CORNELL, Respondent, *v.* MATILDA D. WOOLLEY, Executrix, etc., Appellant.

Of two subscribing witnesses to a will, one was a legatee and resided out of the State. The other witness was competent, and his testimony concerning the execution of the will was full and complete. As the will could have been proved without the testimony of the non-resident witness—*Held*, that the devise to him was not rendered void by the provisions of 2 R. S. 65, § 50.

THIS action is brought by the plaintiff, as assignee of Joel Parker, to recover a legacy of $500, together with one fifty-fourth part of the residuary estate, under the will of the late Isaac M. Woolley, of the city of New York, amounting to $1,248.

Joel Parker, the legatee and devisee, was one of the witnesses to the will, and at the time of the death of the testator, and ever since, was a resident of the State of New Jersey. The other witness to the will was examined before the surrogate, and the testimony of Mr. Parker was also taken on the question of the execution of the will.

The defense is based upon the claim, that the legacy to Parker and all his interests under the will were void, on the ground that he was one of the two only subscribing witnesses to the will. The judge at the Special Term, and the General Term of the second district, held otherwise, and gave judgment for the plaintiff. The defendant appeals to this court.

*Mr. Riggs*, for the appellant.

*Mr. Fuller*, for the respondent.

HUNT, J. The statute upon this subject is as follows : " If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest, or appointment of any real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, etc., shall be void so far only as concerns such witness, or any person claiming

under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made." (2 R. S. 65, § 50.)

The provisions of this statute respecting the execution of a will are as follows: "Every last will and testament shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will. 2. Such subscription shall be made in the presence of attesting witnesses, etc. 3. The testator shall make certain declarations. 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator." (2 R. S. 63, § 40.)

There being but two witnesses to the will, including the legatee, it is manifest that his name is indispensable to the due execution thereof.

The statute which regulates the proof of wills, bearing upon the present point, is as follows: "When any one or more of the subscribing witnesses to such will shall be examined, and the other witnesses are dead or reside out of the State, or are insane, then such proof shall be taken of the handwriting of the testator, and of the witness or witnesses so dead, absent or insane, and of such other circumstances as would be sufficient to prove such will on a trial at law." (2 R. S. 59, § 13.) "If it shall appear, upon the proof taken, that such will was duly executed, that the testator, at the time of executing the same, was in all respects competent to devise real estate, and not under restraint, the said will, and the proofs and examination so taken, shall be recorded in a book to be provided by the surrogate, and the record thereof shall be signed and certified by him." (§ 14.) Other sections provide that the record of the same shall be competent evidence in all the courts of the State.

It has long been the settled law of this State, that the execution of a will may be proved on a trial of law by one witness, if he is able to prove its perfect execution. (*Jackson* v. *Victory*, 1 Wend. 406.)

It is manifest that it is not indispensable in all cases, that both the subscribing witnesses to the execution of a will should appear before the surrogate to establish its execution; as when one of the witnesses is dead or resides out of the State, or is insane. In such cases the will may be established before the surrogate "without the testimony of such witness," and by the testimony of the remaining witness. In the present case, Parker was a non-resident of the State, and was within the exceptions mentioned. If the remaining witness was competent to prove the complete execution of the will, that is, its subscription and acknowledgment by the testator, and its attestation by the two witnesses in his presence and at his request, the will was sufficiently proven under the statute. No objection was made on this ground, and, upon an examination, the evidence of the remaining witness seems to have been full and complete.

The appellant claims that the expression "without the testimony of such witness," should not be confined to the bearing witness or giving evidence by such subscribing witness in the ordinary sense of those words, but was intended to include all evidence that such person was a witness or took any part in the transaction. The expressions in section thirteen, which I have quoted, that proof should be taken of the handwriting of the witness, of the testator, and of other circumstances sufficient to prove the will on a trial at law, and the necessary evidence on such trial at law, rebut this idea.

The will could have been proved without the testimony of Parker. The devise to him does not therefore become void, and the present action is well brought.

The judgment below should be affirmed.

All the judges concurring,

Judgment affirmed.